UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 11-20167
Honorable Thomas L. Ludington

v.

JEFFREY MICHAEL McBAY,

    Defendant.

_____/

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO MODIFY SENTENCE**

On August 4, 2011, Jeffrey McBay pled guilty to uttering counterfeit securities pursuant to a Rule 11 Plea Agreement. *See* Rule 11 Agreement 1, ECF No. 14. On November 18, 2011, McBay was sentenced to 30 months' imprisonment (to run consecutively to the custodial sentences he was serving with the Michigan Department of Corrections). J. 2, ECF No. 21. McBay was also ordered to pay restitution in the amount of $13,281.98. *Id*. On March 22, 2012, the Court issued an amended judgment to reduce the restitution amount owed by McBay to $12,644.47. Am. J. 1, ECF No. 22. The amended judgment did not affect McBay's custodial sentence.

On May 31, 2013, McBay filed a motion to modify judgment of sentence. He requests that his federal sentence be altered to run "concurrent to [his] state sentence" because he "would be able to settle any and all restitution orders more quickly by obtaining employment." Def.'s Mot. 1, ECF No. 23.

However, as the government pointed out in its responsive brief, this Court lacks "jurisdiction to consider [McBay's] claim." Pl.'s Resp. 3, ECF No. 25. It is true that 18 U.S.C. § 3585(b) provides that "[a] defendant of a federal crime has a right . . . to receive credit for

certain time spent in official detention before his sentence begins." *United States v. Wilson*, 503 U.S. 329, 330 (1992). But "the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence," not the district court that imposed it. *Id*. at 335 (citing 18 U.S.C. § 3621(a)). Thus, the Supreme Court established that any credits under § 3585(b) must be computed by the Attorney General, not the sentencing court. *Id*. at 333–34. Prisoners may "seek judicial review of these computations," but only "after exhausting their administrative remedies." *Id*. at 335 (collecting cases); *see also United States v. Smith*, 145 F.3d 1334, 1998 WL 246404, at *1 (6th Cir. 1998).

A prisoner may seek review of the computation of any credit pursuant to the process set forth by 28 C.F.R. §§ 542.10–542.16, and only once that process is exhausted, the prisoner may seek judicial relief pursuant to 28 U.S.C. § 2241. *Id*. McBay has not demonstrated that he has exhausted his administrative remedies under §§ 542.10–542.16, and this Court lacks jurisdiction over his request.

Accordingly, it is **ORDERED** that McBay's motion to modify judgment of sentence, ECF No. 23, is **DENIED**.

Dated: July 11, 2013                      s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Jeffrey McBay, #230949, Woodland Center Correctional Facility, 9036 E. M-36 Whitmore Lake, MI 48189 by first class U.S. mail on July 11, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS